UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

In re

JOHN WAYNE MOCADLO,	Case No. 21-20971 (JJT)

Chapter 7

Debtor.

### NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM TO ROBERT URRUTIA

Pursuant to Fed. R. Civ. P. 45(a)(4), made applicable to this proceeding by Fed. R. Bankr. P. 9016, the United States Trustee, through undersigned counsel, hereby gives notice that the subpoena *duces tecum* attached hereto will be served upon Robert Urrutia pursuant to the Court's order dated July 26, 2022 authorizing the United States Trustee to conduct a Rule 2004 examination of Robert Urrutia (ECF 43).

Dated: August 11, 2022          Respectfully submitted,
      New Haven, Connecticut
                              WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE FOR REGION 2

                              By:    /s/ Holley L. Claiborn
                                      Holley L. Claiborn
                                      Trial Attorney
                                      Office of the United States Trustee
                                      Giaimo Federal Building, Room 302
                                      150 Court Street
                                      New Haven, CT 06510
                                      Holley.L.Claiborn@usdoj.gov
                                      (203) 773-2210
                                      Federal Bar No.: ct17216 (Connecticut)

**CERTIFICATE OF SERVICE**

I hereby certify on this August 11, 2022, a copy of foregoing was served on counsel of record who have appeared in the Debtor's Bankruptcy Case via email to the email address generated via the delivery of ECF Notices.

*/s/ Holley L. Claiborn*
Holley L. Claiborn (ct17216)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Connecticut__

In re __John Wayne Mocadlo__          Case No. __21-20971 (JJT)__
             Debtor
                                      Chapter __7__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Robert Urrutia c/o Attorney Emanuel Kataev at Emanuel@mllaborlaw.com__
*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | |
|---|---|
| Via Zoom | September 14, 2022 at 1:00 pm. |

The examination will be recorded by this method: __Court Reporter__

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Schedule A attached hereto. By agreement, all documents to be produced by August 31, 2022.**

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __August 11, 2022__

                    CLERK OF COURT

                                              OR

    _____        _____
    *Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __William K. Harrington, U.S. Trustee__, who issues or requests this subpoena, are: __Holley L. Claiborn, Trial Attorney, Office of the United States Trustee, 150 Court Street, Room 302, New Haven, CT 06510. Holley.L.Claiborn@usdoj.gov. 203-773-5504__

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

In re

**JOHN WAYNE MOCADLO,**

Debtor.

Chapter 7

Case No. 21-20971 (JJT)

---

## ORDER AUTHORIZING
## RULE 2004 EXAMINATION OF ROBERT URRUTIA

Upon consideration of the motion of the United States Trustee ("Movant") seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of Robert Urrutia (the "Motion", ECF No. 34), after notice and a hearing, see 11 U.S.C. § 102(1), and in compliance with Local Bankruptcy Rule 2004-1(a) and (c), it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Movant may examine Robert Urrutia pursuant to Fed. R. Bankr. P. 2004(a) and within the scope of Fed. R. Bankr. P. 2004(b); and it is further

**ORDERED**: The attendance of Robert Urrutia and the production of documents shall be by agreement or compelled in the manner provided in Fed. R. Bankr P. 9016, see also Fed R. Bankr. P. 2004(c); and it is further

**ORDERED**: The examination shall not occur until a date that is at least fourteen (14) days after the service of a Fed. R. Bankr. P. 2004 subpoena, unless otherwise agreed upon by the parties.

Dated at Hartford, Connecticut this 26th day of July, 2022.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

# UNITED STATES TRUSTEE DOCUMENT REQUEST

## DEFINITIONS

A.  The following terms, as used herein, will be defined as follows:

1.  The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.  The term "concerning" means relating to, referring to, describing, evidencing, reflecting, indicating, or constituting.

3.  The term "document" shall be defined to be synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34 and it shall include: writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained (translated, if necessary, by the respondent through detection devices into a reasonably usable format), contracts, email, correspondence, data files, reports, agreements, printouts, notes, papers, facsimile transmissions, memoranda, summaries, financial calculations and reports, accounting entries, diary entries, tabulations, statements, invoices, notebooks, drafts of any documents, revisions of drafts of any documents, canceled checks, and/or bank statements. A draft or non-identical copy is a separate document within the meaning of this term. A request for production of "documents" shall encompass, and the response shall include, electronically stored information ("ESI"), as included in Fed. R. Civ. P. 34.

4.  The terms "You" and "Your" shall mean and refer to Robert Urrutia.

5.  The term "Debtor" shall mean John Wayne Mocadlo the debtor in the above-captioned bankruptcy case.

6.  The term "Bankruptcy Case" shall refer to the above-captioned bankruptcy case.

7.  The term "Petition Date" shall mean the date on which the Debtor filed the

Bankruptcy Case, October 20, 2021.

8. The term "affiliates" shall have the same meaning as set forth in 11 U.S.C. § 101(2).

9. The term "transfer" shall have the meaning ascribed in 11 U.S.C. § 101 (54).

10. The term "property" shall mean real property or personal property, including cash.

11. The term "Nutmeg" shall mean Nutmeg State Financial Credit Union.

12. The term "Nutmeg Account" shall mean the joint account in the name of the Debtor and Robert Urrutia at Nutmeg State Financial Credit Union with a member number ending in x852 and any sub-accounts thereto.

## INSTRUCTIONS

1. *All/Each*: The terms "all" and "each" shall both be construed as all and each.

2. *And/Or*: The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. *Number*: The use of the singular form of any word includes the plural and vice versa.

4. Each document request includes documents in possession or control of you and your agents, representatives, accountants, advisors and unless privileged, your attorneys.

5. If no documents responsive to a request exist, you should so state in response to the request.

6. If a document is responsive to a request and is in your control, but is not in your possession or custody, state the full name, present (or last known) address and telephone number of: (a) the person with current possession or custody of such document; and (b) each person that has had possession or custody of such document (including the dates, or approximate dates) of

such possession or custody.

7. If a document is responsive to a request and was, but is no longer, in your possession, custody or control, state what disposition was made of it, by whom, the date(s), or approximate date(s), on which such disposition was made, and why.

8. With respect to all claims of privilege, you must produce a privilege log as required by Fed. R. Civ. P. 26(b)(5).

9. When producing documents concerning financial institutions, including, but not limited to, bank records, such documents must be segregated by institution and account.

## SCHEDULE A - REQUEST FOR PRODUCTION OF DOCUMENTS

1. All statements for the Nutmeg Account for the period of May 1, 2020 to present.

2. All documents concerning the opening of the Nutmeg Account in May 2020.

3. All documents concerning the funds used as the opening deposit of the Nutmeg Account in May 2020, including but not limited to the source of the opening deposit.

4. All documents concerning all deposits into the Nutmeg Account between May 1, 2020 to present.

5. All documents concerning all transfers from the Nutmeg Account between May 1, 2020 to present.

6. All documents concerning all withdrawals from the Nutmeg Account between May 1, 2020 to present.

7. All documents concerning the withdrawal of $85,000.00 on March 9, 2021 from the Nutmeg Account, which shall include documentation of the disposition/use of such funds.

8. All documents concerning the use of funds in the Nutmeg Account for payment on loans/obligations of The Hartford Auto Group Inc., including but not limited to documentation of any loan by Nutmeg to The Hartford Auto Group Inc. during the period of January 1, 2020 to present.

9. All documents concerning any financial account titled/owned jointly in Your name and in the name of the Debtor that was opened on or after January 1, 2019, including, but not limited, to statements as well as documentation of transfers, payments, and withdrawals.

10. All documents concerning any monies loaned by You to the Debtor between January 1, 2019 to the present, as well as all documents concerning any repayment to You of such loans.

5

11. All documents concerning any monies paid, given/gifted, or transferred by You to the Debtor between January 1, 2019 to the present, as well as all documents concerning any return to You of such monies.

12. All documents concerning any monies paid, given/gifted, transferred and/or loaned from any source at Your direction and/or instruction to the Debtor between January 1, 2019 to the present, as well as all documents concerning any return of such monies.

13. For the period of January 1, 2020 to present, all documents (paper and/or electronic) involving, concerning and/or between You and the Debtor concerning businesses and/or The Hartford Auto Group Inc. and/or TAG Imports, LLC and/or TEAM Imports LLC.