UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

IN RE:

John Wayne Mocadlo

              Debtor

Case No. 21-20971-JJT

Chapter 13

**OBJECTION TO THE UNITED STATES TRUSTEE'S**
**MOTION TO COMPEL DEBTOR'S COMPLIANCE WITH**
**RULE 2004 EXAMINATION DOCUMENT AGREEMENT**

      The Debtor, by and through his undersigned counsel, hereby objects to the United States Trustee's ("UST") Motion to Compel [ECF 47], and represents as follows:

      1.     On October 20, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

      2.     On even date, Attorney Bonnie Mangan was appointed as the Chapter 7 Trustee ("Trustee Mangan").

      3.     On October 27, 2021, the UST sent a letter to the undersigned which included twelve (12) enumerated categories of documents the Debtor was requested to produce for inspection (**Exhibit A**).

      4.     November 2, 2021 the office of the undersigned established a shared Dropbox folder (the "Dropbox Folder") which was shared with the UST's office and the office of Trustee Mangan.

      5.     On even date, the undersigned sent a written response to the UST wherein the events leading up to the Debtor's bankruptcy filing was detailed, along with an explanation as to why some of the UST's document requests were unavailable (**Exhibit B**[1]).

---

[1] Certain personal information has been redacted. The Debtor believed this information was necessary and appropriate to share with the UST, however he is reluctant to share the redacted information publicly on the record at this time.

6. Below is a chronology of the Debtor's efforts to provide the UST and/or Trustee Mangan with the information and documentation they sought prior to the Debtor's Rule 2004 Examination:

   a. On November 2, 2021, twelve (12) documents were uploaded to the Dropbox Folder, including the Debtors tax returns for 2018, 2019 and 2020, certain paystubs, his residential lease, his divorce documents, his credit report and other miscellaneous documents requested by the UST and/or Trustee Mangan.

   b. On November 5, 2021, the UST sent an e-mail to the office of the undersigned acknowledging receipt of the documents uploaded to the Dropbox Folder on November 2, 2021, and listing the documents believed to be outstanding. In response, the office of the undersigned advised the UST that an inquiry would be made with the Debtor (**Exhibit C**), and later that afternoon provided the UST with additional documents (**Exhibit D**).

   c. On November 9, 2021, the office of the undersigned provided additional documents, the Debtor's paystubs, to the UST via email (**Exhibit E**).

   d. On November 11, 2021, the office of the undersigned provided additional paystubs to the UST via email (**Exhibit F**).

   e. On November 12, 2021, the office of the undersigned provided certain bank statements to the UST via email (**Exhibit G**).

   f. In efforts to obtain bank statements requested by the UST which were previously unable to be obtained from a local branch, in December, 2021 the

      office of the undersigned issued subpoenas to PayPal, KeyBank, and Wells Fargo (**Exhibit H**).

  g. On December 9, 2021, December 20, 2021 and December 29, 2021, the office of the undersigned emailed the UST with the financial institutions' subpoena compliance (**Exhibits I, J, K**).

  h. On January 26, 2022, the office of the undersigned and the UST exchanged email correspondence wherein the UST was advised additional subpoenas would be issued for certain financial statements (**Exhibits L, M**).

  i. On January 31, 2022, the office of the undersigned transmitted to the UST an affidavit from the Debtor's brother attesting that one of the bank accounts requested by the UST is a business account over which the Debtor has no access or control (**Exhibit N**).

  j. On February 1, 2022, the UST was advised additional subpoenas were issued to Wells Fargo, KeyBank and PayPal/Venmo (**Exhibit O**).

  k. On February 9, 2022, the office of the undersigned provided the UST with an update to Wells Fargo's lack of compliance with the aforementioned December subpoena (**Exhibit P**), and on February 11, 2022 the UST was provided with Wells Fargo's compliance (**Exhibit Q**).

  l. Between February 25, 2022 and February 28, 2022, the office of the undersigned transmitted to the UST subpoena compliance from Wells Fargo, KeyBank and PayPal/Venmo (**Exhibits R, S, T**).

7. Discussions between the office of the undersigned, the UST and Attorney Mangan regarding the Debtor's Rule 2004 Examination (the "2004 Exam") began on March 8, 2022 wherein

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

the UST initiated the discussions by requesting the Debtor's consent to be examined and an agreement as to the documents the Debtor is to produce for his examination.

8. In subsequent correspondence, the undersigned advised the UST that many of the documents requested for the 2004 Exam were not in the Debtor's custody, possession or control, nor were they easily retrievable by the Debtor. On May 4, 2022 the office of the undersigned produced the documents received to that date (**Exhibit U**).

9. In furtherance of the Debtor's attempts to comply with the UST's 2004 Exam document requests, subpoenas were issued (in some instances more than one subpoena) to, *inter alia*, financial institutions, the Debtor's accountant, the Debtor's prior attorney (**Exhibit V** – subpoena history).

10. Over the course of the next several weeks, undersigned counsel provided the UST and Trustee Mangan with the documents received as a result of the aforementioned subpoenas (**Exhibit V**). These documents were uploaded to the Dropbox Folder and email communications were sent to the UST and Trustee Mangan regarding same (**Exhibit W**).

11. The documents produced include police reports evidencing the Debtor being locked out of his business and private office, the agreements entered into with his former business partners, email correspondence, former business records, financial statements, and divorce documents. The vast majority of these records were not in the Debtor's custody or possession, and were obtained by undersigned counsel's efforts to subpoena same.

12. To illustrate the breadth of the Debtor's 2004 Exam Production, 1,432 individual documents were uploaded to the Dropbox Folder, which total over 8,100 pages[2].

---

[2] The undersigned is unable to determine the precise number of pages produced as some of the documents being Excel spreadsheets.

4

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

13. Following the Debtor's lengthy 2004 Exam, the UST sent numerous emails to the undersigned outlining documents she believes remain outstanding [Exhibits to ECF 47].

14. The UST's last exhibit is a letter from the undersigned wherein the history of the Debtor's efforts to produce the outstanding documents was explained.

15. With respect to Request 7, the UST's argument is that "logically" some documents "likely" exist. The Debtor has represented that whatever documents were in his custody, possession or control have been produced and he is unaware of the existence of any documents not already produced. The UST was provided with the loan instrument, the deed-in-lieu, and two (2) emails from the Debtor's counsel. The Debtor represents he has not been able to locate any additional documents.

16. With respect to Requests 8 and 9, the Debtor has provided all of the bank statements he either has or has been able to obtain from the financial institutions for the time periods requested by the UST and/or Trustee Mangan. The Debtor has stated to the UST that, based upon his recollection, the $325,000.00 borrowed could have gone into improving his former residence, into one of his businesses, or a combination of the two. The Debtor does not have access to bank statements for any of his former businesses. This loan was received at a time the Debtor was operating multiple car dealerships, forming a new dealership and constructing a new facility, and frankly living a lifestyle reflected of a person with significant means. The Debtor did not keep detailed records of the use of the borrowed funds, and simply does not have any additional documents to provide.

17. With respect to Request Nos. 23 and 25, the Debtor has made a good faith attempt to obtain the requested documents, and has transmitted to the UST every document received from the financial institutions. To the extent certain statements have not been produced, it is because the

5

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

Debtor is not in possession of those statements and his efforts to obtain the statements from the financial institutions have failed. It is certainly not for a lack of effort or willingness.

18. Since the Petition Date, the office of the undersigned has incurred thousands of dollars in billable time and out-of-pocket expenses, all in an effort to satisfy the UST's in-depth exploration of the Debtor's financial history and into what lead him to file for chapter 7 protection.

19. It is respectfully submitted that the Debtor has not failed to cooperate with the requests of the UST and Trustee Mangan and, in fact, the Debtor and his counsel have both bent over backwards in their efforts to comply.

20. The Debtor believes he and his legal counsel have acted reasonably, diligently and in good faith, but the simple fact is the Debtor cannot produce what either does not exist, he does not have, or he cannot obtain, despite the beliefs of the UST that certain documents "must" exist.

21. The Debtor has explained to the UST, time and time again, why he is not in possession of certain documents[3], and he has testified in his 2004 Exam to what had transpired with his former business partners[4].

22. The UST does not allege in her motion that the Debtor's lack of compliance is the result of any attempt to defraud the UST or conceal his actions, nor could any allegation be made in good faith given the overwhelming evidence to the contrary[5].

23. Therefore, the Debtor respectfully submits that any additional requirements placed upon his shoulders to obtain the requested documents would be unduly burdensome and prejudicial[6].

---

[3] See Exhibits B and U.
[4] The UST has received an Order granting the 2004 Examination of the Debtor's former business partner [ECF 43].
[5] See attached exhibits.
[6] As stated supra, the office of the undersigned has already incurred over $5,000.00 in billable time and out-of-pocket expenses attempting to comply with the requests of the UST and Atty. Mangan.

6

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

WHEREFORE, the Debtor respectfully requests the UST's Motion to Compel be denied.

DATED:   August 16, 2022        THE DEBTOR
         Farmington, Connecticut   John Wayne Mocadlo

                            By:   */s/ Gary J. Greene*
                                  Gary J. Greene, Esq. (ct09039)
                                  Greene Law, P.C.
                                  11 Talcott Notch Road
                                  Farmington, CT 06032
                                  860-676-1336 (t)
                                  860-676-2250 (f)
                                  bankruptcy@greenelawpc.com
                                  *Counsel for John Wayne Mocadlo*

### Certification of Service

I hereby certify that on August 16, 2022, a copy of the foregoing was served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                  */s/ Gary J. Greene*
                                  Gary J. Greene

7

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com