**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| JOHN WAYNE MOCADLO | : | Case No. 21-20971 (JJT) |
| | : | |
| Debtor | : | |
| | : | January 24, 2023 |

**APPLICATION TO RETAIN GREEN & SKLARZ LLC**
**AS COUNSEL TO CHAPTER 7 TRUSTEE, BONNIE C. MANGAN**

Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a), and L. Bankr. R. 2014-1,

Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") of the estate of John Wayne Mocadlo (the

"Debtor") hereby applies for an order authorizing the employment of Green & Sklarz LLC

("G&S") as her counsel (the "Application"). In support of this Application, the Trustee

respectfully represents, upon information and belief, as follows:

1.      On October 20, 2021, the Debtor filed a voluntary petition for relief under

Chapter 7 of the United States Bankruptcy Code. 11 U.S.C. § 101, *et seq.* (the "Bankruptcy

Code").

2.      The Trustee was appointed to serve as Chapter 7 trustee in this case.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this

court pursuant to 28 U.S.C. § 1409 and 1409.

4.      In early 2022, the Trustee sought G&S's assistance in reviewing some of the

Debtor's records and in preparing a subpoena pursuant to Fed. R. Bankr. P. 2004 ("Rule 2004")

to examine the Debtor.[1]  G&S proceeded to review numerous documents provided by the

Trustee and draft a subpoena for the Trustee.

5.     Ultimately, the Trustee and the United States Trustee entered into an agreement

with the Debtor on May 5, 2022 (ECF No. 25) for the production of documents and for an

examination of the Debtor pursuant to Rule 2004.  The Debtor testified at  Rule 2004

examination on June 17, 2022.

6.     As a result of the information learned at the Debtor's testimony at the Rule 2004

exam and a further review of the Debtor's records, the Trustee believes that there may be one or

more transfers for counsel to investigate.

7.     Section 327(a) of the Bankruptcy Code provides that the trustee "may employ

one or more attorneys…that do not hold or represent an interest adverse to the estate, and that

are disinterested person, to represent or assist the trustee in carrying out the trustee's duties

under this title."  Fed. R. Bankr. P. 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm]
> to be employed, the reasons for the selection, the professional services to be
> rendered, any proposed arrangement for compensation, and, to the best of the
> applicant's knowledge, all of the [firm's] connections with the debtor, creditors,
> any other party in interest, their respective attorneys and accountants, the United
> States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

8.     The Trustee shall continue to perform all usual and customary services rendered

by a Chapter 7 trustee of a liquidating entity including, but not limited to, evaluating and, if

necessary, preparing objections to, claims against the Debtor's estate, and issuing initial demand

letters to persons and entities in possession of property of the estate or who otherwise may owe

---

[1] G&S did not and will not seek compensation for any assistance provided to the Trustee in this case prior to the
effective date of G&S's employment.

money to the Debtor's estate.  However, the Trustee requires knowledgeable counsel to render

the above-described essential professional services. The Trustee seeks to retain G&S as her

attorneys to assist her as needed throughout the course of this Chapter 7 case, including litigation

assistance and advice.

9.        More specifically, the Trustee contemplates that G&S will render legal services

with respect to the following matters:

a.        Investigating, preparing and prosecuting claims to recover property of the

estates, as well as collections, preference, fraudulent conveyance, and other

Chapter 5 claims and avoidance actions and such other actions as may be

appropriate, including conducting Rule 2004 exams, drafting necessary and

appropriate applications, motions, complaints, and other pleadings; and

b.        Assisting in the recovery of assets for the estate.

10.       In addition, G&S may provide other legal services to the Trustee in connection

with these cases as the Trustee may, from time to time request, and G&S agrees to provide, such

as, for example, assisting the Trustee with the process of prosecuting objections to claims.

11.       The Trustee requires knowledgeable counsel to render the above-described

essential professional services.  G&S and its attorneys have substantial bankruptcy, litigation,

business, banking and financial services experience, have prosecuted numerous civil actions and

bankruptcy avoidance and other recovery actions, and are well-qualified to represent the Trustee

in this estate.  Moreover, G&S has represented the Trustee in other adversary proceedings with

tangible results that economically benefited unsecured creditors.

12.       Attorney Joanna M. Kornafel will perform most of the services in connection

with this case.  She thoroughly reviewed the Debtor's records when assisting the Trustee in

preparing the Rule 2004 subpoena, and, as a result, already has the background knowledge of

facts and legal issues to investigate possible causes of action against third parties for the Trustee.

She has substantial bankruptcy experience representing debtors, trustees, and creditors, and is

well-qualified to represent the Trustee in this case.

13.     Subject to the Court's approval, G&S will charge the bankruptcy estate for its

legal services on a contingency fee of 33% of money recovered for the estate through its efforts,

plus reimbursement of expenses incurred in connection with the legal services it provides.  For

any other services performed by G&S, G&S has agreed to be compensated on an hourly basis at

the firm's standard hourly rates in effect at the time services are rendered.  Hourly rates for

attorneys who may represent the Trustee in this case are as follows:

    a.      Jeffrey M. Sklarz - $600.00

    b.      Kellianne Baranowsky - $575.00

    c.      Joanna M. Kornafel - $425.00

 G&S's rates are adjusted as of January 1st of each year.

14.      G&S will maintain detailed records of any actual and necessary or appropriate

costs and expenses that might be incurred in connection with the aforementioned legal services.

15.     Pursuant to Local Bankr. R. 2014-1, a copy of the engagement agreement with

G&S is annexed hereto as **Exhibit A**.

16.      A declaration executed by Attorney Kornafel of G&S in accordance with the

provisions of § 327 of the Bankruptcy Code, Fed. R. Bankr. P. 2014, and L. Bankr. R. 2014-1 is

annexed hereto as **Exhibit B** and is incorporated herein by reference.

17.     Any connections any G&S employees have or may have with the Debtor, its

creditors, or any other party in interest are disclosed in the annexed declaration of Attorney

Kornafel.

18.     To the best of the Trustee's knowledge, information, and belief, G&S and its individual attorneys do not represent any interest adverse to the estate. Accordingly, G&S is a "disinterested person" as such term is defined in § 101(14)  the Bankruptcy Code.

19.     G&S has a professional liability insurance policy through CNA with limits of $5,000,000.00 each occurrence and $5,000,000.00 general aggregate. The  Trustee has been provided with a copy of the certificate of said insurance and said insurance will remain in force during the firm's retention.

20.     The Trustee submits that the employment of G&S would be in the best interests of the estate and its creditors.

21.     G&S intends to apply to this Court for compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the guidelines of the office of the United States Trustee.

22.     No previous application for the relief requested herein has been made in this case.

23.     The Trustee believes the appointment of G&S is in the best interest of the estate because G&S has already assisted the Trustee in reviewing the Debtor's records and preparing the Rule 2004 subpoena, and thus is familiar with the facts of this case and issues of law. Accordingly, G&S will be able to prosecute any matters to conclusion on an expedited basis.

**WHEREFORE**, Bonnie C. Mangan, Trustee, respectfully moves this Court for an order authorizing her to employ Green & Sklarz LLC as her counsel in this case pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014, and Local Bankr. R. 2014-1.

Dated at Hartford, Connecticut this 24TH  day of January, 2023.

BONNIE C. MANGAN,
CHAPTER 7 TRUSTEE FOR
JOHN WAYNE MOCADLO

/S/ Bonnie C. Mangan

_____

By:  Bonnie C. Mangan
     Chapter 7 Trustee
     Law Office of Bonnie C. Mangan, P.C.
     1050 Sullivan Ave. A3
     South Windsor, CT 06074
     Tel: (860) 644-4204
     Email: bonnie.mangan@manganlaw.com



**GREEN &
SKLARZ** LLC

Attorneys at Law
www.gs-lawfirm.com

EXHIBIT A

**Joanna M. Kornafel**
Phone: (203) 285-8545 x111
Direct:  (203) 850-6654
jkornafel@gs-lawfirm.com

One Audubon St., 3ʳᵈ Floor
New Haven, CT 06511

January 19, 2023

**VIA EMAIL:**
Bonnie C. Mangan,
Chapter 7 Trustee for John Wayne Mocadlo

    **Re:**    **Client Retention Agreement**

Dear Trustee Mangan:

    We are pleased you have requested that Green & Sklarz LLC (the "Firm" of "G&S") provide you with representation as set forth below. We would appreciate receiving written acknowledgement of this agreement for our files together with your retainer payment as set forth herein.

    The Bar recommends that there be a written fee agreement between attorneys and their clients. Additionally, we feel that it is in the best interest of our clients that they be fully informed of our billing practices.  The purpose of this letter, therefore, is to set forth the scope of our engagement as legal counsel to you, to set forth the financial arrangements regarding our engagement and to verify our agreement of the foregoing:

**1.**    **Scope of Engagement**

    Subject to the terms and conditions herein, the Firm will perform those legal services which you requested in your capacity as Chapter 7 Trustee for John Wayne Mocadlo (the "Debtor") (the "Engagement").  More specifically, you and the Firm contemplate that the Firm will render legal services with respect to the following matters:  (a) Investigating, preparing and prosecuting claims to recover property of the estate, as well as collections, preference, fraudulent conveyance, and other Chapter 5 claims and avoidance actions and such other actions as may be appropriate, including drafting necessary and appropriate applications, motions, complaints, and other pleadings; and (b) assisting in the recovery of assets for the estate.

    Further, the Firm will provide other legal services to you in your capacity as Chapter 7 Trustee as you may from time to time request, and the Firm agrees to provide, such as, for example, assisting you with the process of prosecuting objections to claims against the Debtor's bankruptcy estate.

{00303431.1 }

January 19, 2023
Page 2

This Engagement is subject to entry of an Order of the Bankruptcy Court in Debtor's Chapter 7 bankruptcy case approving your retention and employment of the Firm. Please note, the Debtor's estate will be billed for all legal services provided in accordance with the Bankruptcy Code. You, as Chapter 7 Trustee, are not personally responsible for the Firm's fees and expenses.

## 2.    Legal Fees and Costs

We will render fee applications in accordance with Bankruptcy Code as follows, subject to your review and approval:

**A.    Contingent Fee Matters:** Subject to the Court's approval, the Firm will charge the estate for its legal services on contingency fee of 33% of money recovered for the estate through its efforts, plus reimbursement of expenses incurred in connection with the legal services it provides. For any other services performed by G&S, G&S has agreed to be compensated on an hourly basis at the firm's standard hourly rates in effect at the time services are rendered.

**B.    Hourly Rate Matters:** For all other matters and work, we will bill at the Firm's standard hourly rates. The Firm's current hourly rates in effect for all attorneys and other professionals are set forth in Schedule A hereto. We bill in increments of no less than 1/10 of one hour. We use the amount of time devoted to a matter by a particular attorney at that attorney's hourly rate. These hourly rates are based upon experience, expertise and standing. In addition, we try to use associate, paralegal, legal assistant and/or secretarial support on projects whenever possible.

**C.    Costs and Expenses:** The Debtor's estate will be responsible for all expenses (such as expert fees, deposition fees, travel, court costs, etc.) which are incurred, regardless of when incurred and regardless whether the expenses are incurred in connection with contingent fee matters or hourly rate matters

## 3.    Monthly Statements and Payment Terms

Our practice is to send a monthly statement for services rendered and disbursements incurred on our client's behalf during the previous month. The detail and the monthly statement will inform you not only of the fees and disbursements incurred but also of the nature and progress of the work performed. Payment is due and payable in accordance with the Bankruptcy Code and orders entered in the bankruptcy case (for example, we may seek an order establishing payment of fees on a monthly basis). These statements will be rendered to you so that you can track our work but are payable by the debtor.

We do our best to see that our clients are satisfied not only with our services but also with the reasonableness of the fees and disbursements charged for these services. Therefore, if you have any questions about or objection to a statement or the basis for our fees to you, you should raise it promptly for discussion. If you object only to a portion of the statement, we ask you pay the remainder, which will not constitute a waiver of your objections.

{00303431.1 }

January 19, 2023
Page 3

## 4.      **Withdrawal from Representation**

The attorney client relationship is one of mutual trust and confidence. If you, for whatever reason, wish us to cease representing you, you may request that we do so. If we feel we no longer wish to represent you, we will request that the court (if an appearance has been filed) to permit us to terminate our representation of you. We will only do so in the following circumstances: (a) a lack of cooperation by you in promptly submitting necessary requested information; (b) your knowingly providing us, your adversaries or the court with false information; (c) your disregard of advice about matters of critical importance to your case; (d) your failure to promptly pay legal fees; or (e) for any other reason, provided advance notice is provided.

Upon such termination, however, the Debtor's estate would remain liable for any unpaid fees and costs. We also shall be authorized to reveal this agreement and any other necessary documents to any court or agency if the same should prove necessary to effect withdrawal or collection of our fees.

It is the policy of this firm to make every effort to have our clients feel that they are treated on a fair basis. We welcome an honest discussion of our fees and our services and encourage our clients to inquire about any matter relating to our fee arrangement or monthly statements that are in anyway unclear or appear unsatisfactory. If you have any questions, please do not hesitate to call us.

## 5.      **No Guarantee of Success**

You understand that the Firm has made no guarantees about the outcome of the case. Bankruptcy proceedings and litigation are risky and Client understands that it may not prevail in the manner anticipated. All comments by the Firm concerning the outcome of the Engagement are opinions only.

If this letter correctly sets forth your understanding of the scope of the services to be rendered to you in your capacity as Chapter 7 Trustee by the Firm, and if the terms of the engagement are satisfactory, please execute the enclosed copy of this letter and return it us. If the scope of the services described is incorrect or if the terms of the engagement set forth in this letter are not satisfactory to you, please let us know in writing so that we can discuss either aspect.

Very truly yours,

Joanna M. Kornafel

{00303431.1 }

January 19, 2023
Page 4


READ, AGREED AND CONSENTED TO:

BONNIE C. MANGAN,
CHAPTER 7 TRUSTEE FOR JOHN WAYNE MOCADLO

Date: _01_ _24_ _2023_

By:    Bonnie C. Mangan
       Chapter 7 Trustee

{00303431.1 }

## EXHIBIT A

Green & Sklarz LLC 2023 Hourly Rates

| | |
|---|---|
| Eric Green | $600/hour |
| Jeffrey Sklarz | $600/hour |
| Mark Sklarz | $700/hour |
| Lawrence Grossman | $650/hour |
| Jason Marsh | $600/hour |
| Kellianne Baranowsky | $575/hour |
| Kenneth Rosenthal | $350/hour |
| Robert Fleischer | $575/hour |
| Kristen Lynn | $550/hour |
| Lisa Perkins | $600/hour |
| Felicia Hoeniger | $650/hour |
| Joanna Kornafel | $425/hour |
| James McClure | $425/hour |
| Matt Pesce | $375/hour |
| Robert Day | $575/hour |
| John David Parducci | $350/hour |
| Amanda Evans, EA | $350/hour |
| Staff Accountant | $300/hour |
| Intern | $225/hour |
| Paralegals | $150-200/hour |
| Legal Assistants | $75-150/hour |

{00303431.1 }

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

EXHIBIT B

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| JOHN WAYNE MOCADLO | : | Case No. 21-20971 (JJT) |
| | : | |
| Debtor | : | |
| | : | January 23, 2023 |

**DECLARATION OF JOANNA M. KORNAFEL, ESQ.**

STATE OF CONNECTICUT       )
                                                   )   ss:   New Haven, Connecticut
COUNTY OF NEW HAVEN    )

I, Joanna M. Kornafel, being duly sworn, depose and say the following under penalty of

perjury:

1.      I am an associate at the law firm of Green & Sklarz LLC ("G&S").  I am duly

admitted to practice law in the State of Connecticut, as well as the U.S. District Court for the

District of Connecticut, as are all partners and associates at G&S who will be participating in this

case.  I submit this declaration pursuant to 11 U.S.C. § 327, Fed. R. Bankr. P. 2014, and L.

Bankr. R. 2014-1, in connection with the *Application to Retain Green & Sklarz LLC as* Counsel

to Chapter 7 Trustee, Bonnie C. Mangan (the "Application").

2.      G&S maintains an office for the practice of law at One Audubon Street, Third

Floor, New Haven, Connecticut.

3.      To the best of my knowledge, except for its representation of the Trustee in other

bankruptcy cases, G&S has minimal "connections" as that term is defined by Fed. R. Bankr. P.

2014,[1] to the Debtor, its creditors, or any other party in interest, or their respective attorneys, the

---

[1] The term "connections" is broad and undefined.  G&S has attempted to identify all possible material connections.
Any omissions are accidental.

{00303433.1 }

United States Trustee, or any person employed in the office of the United States Trustee.  All connections are set forth on Schedule A hereto.

4.      In addition to the "connections" identified herein, G&S may have "connections" to the United States District Court, United States Bankruptcy Court, Internal Revenue Service, Office of the United States Trustee, and other federal, state, and local governmental agencies, as well as certain creditors in this case, and law firms that may file appearances in this case, and otherwise.  All such "connections" are of a *de minimis* nature and will not affect G&S's ability to render competent and loyal representation to the Debtor.

5.      Further, employees of G&S may have personal relationships, unrelated to their work at G&S, with certain creditors and banks.  As part of the preparation of this declaration, a list of all creditors and known parties in interest was submitted to G&S employees for their review.  To the extent a G&S employee had a significant connection to a party-in-interest, it has been disclosed.  Personal banking relationships or other *de minimis* relationships of its employees to parties-in-interest are also listed.

6.      To the best of my knowledge and belief, neither G&S nor any of its attorneys represent any interest adverse to the Debtor or its estate in the matters upon which G&S is to be engaged.  G&S and its attorneys are all "disinterested persons" within the meaning of 11 U.S.C. § 101(14).

7.      No promises have been received by G&S, or any partner or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.  G&S has no agreement with any other entity to share with such entity any compensation received by G&S.

8.      The hourly rates for G&S's attorneys and support staff are as follows:

| | |
|---|---|
| Eric Green | $600/hour |
| Jeffrey Sklarz | $600/hour |
| Mark Sklarz | $700/hour |
| Lawrence Grossman | $650/hour |
| Jason Marsh | $600/hour |
| Kellianne Baranowsky | $575/hour |
| Kenneth Rosenthal | $350/hour |
| Robert Fleischer | $575/hour |
| Kristen Lynn | $550/hour |
| Lisa Perkins | $600/hour |
| Felicia Hoeniger | $650/hour |
| Joanna Kornafel | $425/hour |
| James McClure | $425/hour |
| Matt Pesce | $375/hour |
| Robert Day | $575/hour |
| John David Parducci | $350/hour |
| Amanda Evans, EA | $350/hour |
| Staff Accountant | $300/hour |
| Intern | $225/hour |
| Paralegals | $150-200/hour |
| Legal Assistants | $75-150/hour |

9.    I have reviewed the Application and, to the best of my knowledge, information and belief, the contents of the Application are true and correct.

10.    I submit that the foregoing is true and correct to the best of my knowledge, under penalty of perjury.

Date: January 23, 2023                    /s Joanna M. Kornafel
                                                        Joanna M. Kornafel, Esq.

{00303433.1 }                                   3

**SCHEDULE A**

Connections with Trustee Bonnie C. Mangan
- G&S represented the Trustee in other Chapter 7 cases, including Walnut Hill, Case No. 16-20960, Thornton & Co., Case No. 15-21416, and related adversary proceedings. G&S' involvement in those matters has concluded.
- G&S currently represents the Trustee in *Mangan v. Patel, et al.*, Adv. Pro. No. 22-02006.

Connections with Debtor's Creditors
- The following creditors are service provides to G&S and/or its employees/members:
  - Ally Financial
  - American Express National Bank and/or Amex
  - Barclays Bank Delaware
  - Comcast
  - Hartford Hospital
  - J.P. Morgan Chase Bank/Chase Bank
  - Nissan
  - Nordstrom/TD Bank USA
  - Wells Fargo Bank and Wells Fargo Card Services

- American Express National Bank and/or Amex
  - American Express Company, American Express Travel Related Services Company, Inc., American Express Bank, FSB, and American Express Centurion Bank were defendants in *Mangan v. American Express Company, et al.*, Adv. Pro. No. 18-02026.  G&S represented Trustee Mangan.  This adversary case settled and was closed.

  - American Express Centurion Bank, American Express, FSB, American Express Company, and American Express Travel Related Services Company, Inc. were defendants in *CN Trust v. American Express Centurion Bank, et al.*, Adv. Pro. 17-31897. G&S represented the plaintiff.  This adversary proceeding was dismissed.

  - American Express National Bank was a defendant in *Chip's Southington v. American Express National Bank, et al.*, Adv. Pro. No. 21-02005.  G&S represented the plaintiff.  This adversary proceeding proceeded to judgment by stipulation and was closed.

- G&S has regular interactions with the following creditors in a professional capacity:
  - Internal Revenue Service
  - U.S. Small Business Administration

- ▪ The U.S. Small Business Administration was a defendant in *Chip's Southington v. American Express National Bank, et al.*, Adv. Pro. No. 21-02005.  G&S represented the plaintiff.  This adversary proceeding proceeded to judgment by stipulation and was closed.
        - ▪ Tami Perriello, the Acting Administrator of the U.S. Small Business Administration, was the defendant in *Chip's Southington v. Tami Perriello*, Case No. 21-00266 in District Court.  This case was dismissed.
    - o State of Connecticut, Department of Revenue Services
    - o U.S. Department of Justice

Connections with known creditors' attorneys
- • Evans, Feldman & Boyer, representing Premier Financial Services LLC
    - o G&S employees have represented clients in the past that have been adverse to clients represented by Evans, Feldman & Boyer.
    - o Attorney Mark Sklarz was a partner at Evans, Feldman & Boyer in the 1970's.

- • Richard D. Zeisler and James G. Verillo, representing Tom Pippoli
    - o G&S members Jeffrey Sklarz, Lawrence Grossman, and Kellianne Baranowsky worked with Richard Zeisler and James Verillo at Zeisler & Zeisler, P.C. when they worked there at the same time in the past.

- • Houston Putnam Lowry, representing American Guardian Warranty Services, Inc.
    - o G&S employees have represented clients in the past that have been adverse to clients represented by Houston Putnam Lowry.
    - o G&S employees are acquainted Attorney Lowry through the Connecticut Bar Association.

Connections with other professionals
- • Verdolino & Lowey ("V&L")
    - o G&S has worked extensively with the professionals at V&L when V&L has been retained as the accountant for a Chapter 7 trustee.  Most recently, G&S represents the Chapter 7 trustee in *Katz v. Jefferson, et al.*, Adv Pro. No. 19-03006, and *Katz v. Jefferson*, Case No. 20-03035 in the U.S. District Court, District of Connecticut, wherein Craig Jalbert, a principal at V&L, was a disclosed expert witness.  The latter case was settled and dismissed.  V&L is also the accountant for Trustee Katz in *ServiCom*, Case No. 18-31722.

    - o G&S also represents Mr. Jalbert as the Liquidating Custodian in *Old CP and Suri Realty*, Case No. 21-20111, and related adversary proceedings.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| JOHN WAYNE MOCADLO | : | Case No. 21-20971 (JJT) |
| | : | |
| Debtor | : | |
| | : | |

**ORDER GRANTING APPLICATION TO RETAIN GREEN & SKLARZ LLC
AS COUNSEL TO CHAPTER 7 TRUSTEE, BONNIE C. MANGAN**

Upon the *Application to Retain Green & Sklarz LLC as Counsel to Chapter 7 Trustee,*

*Bonnie C. Mangan* (the "Application"), filed by the duly appointed Chapter 7 Trustee for the

above-captioned bankruptcy case, Bonnie C. Mangan (the "Trustee"), seeking authorization to

employ Green & Sklarz LLC ("G&S"), as counsel for the Trustee of this estate, as set forth in the

Application, and the Court being satisfied that, (i) pursuant to Title 11, United States Code, §

327(a), neither G&S nor Joanna M. Kornafel, Esq., who is expected to act as primary counsel to

the Trustee, nor any other attorney at G&S, holds or represents an interest adverse to the estate,

and that they are disinterested in the matters upon which they are to be engaged, and (ii) pursuant

to § 327(a), said employment is in the best interest of the estate, and it is hereby

**ORDERED**, that pursuant to 11 U.S.C. § 327(a), the Application is APPROVED,

effective as of ___, 2023, and that the Trustee is hereby authorized to retain G&S as her counsel

to represent the Trustee on a contingency fee basis of 33% of money recovered for the estate

through its efforts, and on an hourly basis for all other legal services rendered; and it is hereby

2

**ORDERED**, that G&S is directed to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Procedure; and it is further

**ORDERED** that the allowance and payment or reasonable compensation and reimbursement for actual, necessary expenses shall be the subject of further orders of the Court pursuant to 11 U.S.C. §§ 330(a) and 331 after notice and hearing upon proper application.